Argued and submitted February 28, affirmed May 13, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# MICHAEL PATRICK KENNEDY,
*Appellant.*

(C89-05-32395, C90-07-34114;
CA A68698 (Control), A68699)

831 P2d 712

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Meg E. Kieran, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant appeals from the sentence imposed after he was convicted of first degree burglary.[1] His grid block placement was 8 C with a presumptive range of 29 to 34 months imprisonment. The sentencing court imposed an upward departure sentence of 60 months. We affirm.

■    Defendant argues that the trial court relied solely on the aggravating factor of persistent involvement in similar offenses. OAR 253-08-002(1)(b)(D). He contends that that factor will not support a departure in his case.[2] His first argument is that his prior similar offenses of robbery and burglary are reflected in his criminal history and, therefore, cannot also be used to support the departure sentence:

> "[The factor] creates an anomaly in that the scope of defendant's crime and criminal history, which have already been used to assess his presumptive sentence, is then used to depart from the presumptive sentence."

He argues that Washington appellate decisions, which were intended as guidance in interpreting the Oregon departure provisions, *see State v. Wilson*, 111 Or App 147, 151 n 5, 826 P2d 1010 (1992), show that any factor that was used in calculating the presumptive range cannot also be used to aggravate a sentence. *State v. McAlpin,* 108 Wash 2d 458, 740 P2d 824 (1987); *State v. Nordby*, 106 Wash 2d 514, 723 P2d 1117 (1986).

Although Washington cases provide guidance in some instances, they cannot on this issue. RCW 9.94A.390(2) does not include "similar offenses" as an aggravating factor.[3] The factor was adopted from the Oregon Parole Matrix. *See* Commentary, *Oregon Sentencing Guidelines Implementation Manual* 130 (1989). In OAR 253-08-002(2) and (3),[4] the

---

[1] Although he also appealed from his probation revocation on a second degree burglary conviction, he makes no argument regarding that revocation or sentence.

[2] As discussed *infra*, the record shows that the court also considered other factors.

[3] All but two of Washington's aggravating factors are directed to the current offense.

[4] OAR 253-08-002 provides, in part:

"(2) If a factual aspect of a crime is a statutory element of the crime or is used to subclassify the crime on the Crime Seriousness Scale, that aspect of the current

legislature has specifically set out the restrictions applicable to the use of mitigating and aggravating factors. In OAR 253-08-002(1)(b)(D), it has also provided a specific exclusion of the use of similar offenses when consecutive sentences are imposed. None of those limitations precludes consideration of offenses that are already included in a criminal history.

The commentary to OAR 253-08-002(1)(b)(D) also illustrates that a sentencing court may consider all prior offenses, whether they are already reflected in the criminal history or not:

> "EXAMPLE: If an offender has an extensive record of fraud-related convictions and he or she has been convicted for a similar fraud scheme, the sentencing judge may impose an aggravated departure sentence. Such a departure would be most appropriate if the offender's criminal conduct demonstrated a significant level of sophistication and his or her criminal history strongly suggests that the offender will continue to engage in such illegal enterprises.

> "EXAMPLE: A departure sentence might also be appropriate under this paragraph for an offender convicted of ORS 163.125 Manslaughter II arising from a domestic dispute if that offender also has an extensive record of domestic violence. The prior history of domestic violence does not need to be represented in the offender's criminal history record to be cited as an aggravating factor." Commentary, *Oregon Sentencing Guidelines Implementation Manual* 130 (1989).

The first example demonstrates that similar offenses might exist in a situation where "an offender has an extensive record" of similar crimes. In the second example, "[t]he prior history * * * does not need to be represented in the offender's criminal history record to be cited as an aggravating factor." The factor is intended to capture, for sentencing purposes, a separate malevolent quality in the offender represented by the repetitive nature or pattern of the offender's criminal behavior over and above simply counting the number of

---

crime of conviction may be used as an aggravating or mitigating factor only if the criminal conduct constituting that aspect of the current crime of conviction is significantly different from the usual criminal conduct captured by the aspect of the crime.

"(3) Any aspect of the current crime of conviction which serves as a necessary element of a statutory mandatory sentence may not be used as an aggravating factor if that aspect is also used to impose the mandatory sentence."

offenses in an offender's criminal history. *State v. Guthrie*, 112 Or App 102, 107, 828 P2d 462 (1992).

■  Defendant next argues that the similar offenses cannot support the departure here, because OAR 253-08-002(1)(b)(D) requires increasing sophistication in the commission of the offense, and it is obvious from the facts that "defendant was more bungler than burglar." He also contends that use of the factor requires a showing that he poses a future danger to the public. As support, he relies on the first example in the commentary to OAR 253-08-002(1)(b)(D).[5]

We are not persuaded by defendant's argument. While the first example alludes to "sophistication" and future likelihood of offending, the second does not. What the examples demonstrate is that the pattern of criminal behavior involves more than repetition and incorporates an offender's inclination to engage in behavior with increasingly serious consequences.

■  The determination of what circumstances reach the level of "aggravating factors" does not depend on any particular showing. In departure sentences, the legislature chose to reserve for sentencing courts the determination of what factors justify a departure. The listed aggravating and mitigating factors are neither mandatory nor exclusive, but are "considerations" that a court may use or not in making that determination. Although the factors — or reasons — must be substantial and compelling, the legislature did not define "substantial and compelling," providing instead that the sentencing court is to evaluate the circumstances before it:

> "Except as provided in OAR 253-05-006, the sentencing judge shall impose the presumptive sentence provided by the guidelines *unless the judge finds substantial and compelling reasons* to impose a departure. If the sentencing judge departs from the presumptive sentence, *the judge shall state* on the record at the time of sentencing *the substantial and compelling reasons for the departure.*" OAR 253-08-001. (Emphasis supplied.)

---

[5] Defendant also cites *State v. Pryor*, 115 Wash 2d 445, 799 P2d 244 (1990), which requires a showing of future dangerousness in sex offense cases. The Washington court did not expand that rule to nonsexual offenses. *See State v. Barnes*, 117 Wash 2d 701, 818 P2d 1088 (1991).

The grant of discretion to the sentencing court to determine what circumstances warrant imposition of a departure sentence is in accord with the legislature's directive to the Criminal Justice Council to take into consideration that the "guidelines are intended to guide and coordinate, but not diminish, the importance of judicial discretion in sentencing * * *." Or Laws 1987, ch 619, § 2(2)(c). The Council constructed, and the legislature enacted, a framework for departure sentences in which the decision to depart is discretionary and the standards for those departures are dependent on the facts of each case. In that framework, appellate review of "substantial and compelling" reasons is aimed at the court's explanation of why the circumstances on which it relied are so exceptional that imposition of the presumptive sentence would not accomplish the purposes of the guidelines. *See State v. Wilson, supra.*[6]

The court here considered as aggravating factors defendant's past similar offenses and the role that alcohol use had played in the commission of those crimes. The latter is not a factor in OAR 253-08-002, but it is not required to be. The court noted the seriousness of the offense, because weapons were present. It explained that incarceration, parole, probation and treatment programs had not deterred defendant's criminal activity. It recognized that the needs of the public outweigh those of defendant and that a lengthy term of incarceration would enable defendant to participate in "one of the better alcohol programs that exist * * *."

■ ■  The court's explanation reveals that it found that defendant's alcohol problem was leading to increasingly serious crimes and that his chance for rehabilitation depends on controlling that problem. Even after passage of the guidelines, reformation remains a goal of sentencing. Or Const, Art I, § 15. The court adequately explained why the circumstances are such that the presumptive sentence would not

---

[6] That role of the sentencing court is also noted in the commentary to OAR 253-08-001, which is the rule for departure sentences:

"Judicial discretion to depart as authorized by the 1987 legislation and this rule recognizes the important role of the sentencing court in addressing unusual facts in individual cases." Commentary, *Oregon Sentencing Guidelines Implementation Manual* 124 (1989).

accomplish the purposes of the guidelines. *State v. Wilson, supra.* We find no abuse of discretion.

Affirmed.