Argued and submitted March 31, affirmed July 8, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# JAMISON ALEXANDER
aka Reginald Bramlett,
*Appellant.*

(91-01-30114; CA A69848)

834 P2d 521

Eric R. Johansen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor

General, and Carol J. Fredrick, Assistant Attorney General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted on one count of robbery in the first degree. ORS 164.415. He appeals his sentence. ORS 138.040. We affirm.

■ Because defendant had previously committed at least three similar robberies, the trial court imposed an upward departure sentence, based primarily on defendant's persistent involvement in similar offenses. OAR 253-08-002(1)(b)(D). Defendant contends that, because his prior similar robbery offenses are reflected in his criminal history, they cannot also be used to support the departure sentence. He is wrong. *State v. Kennedy*, 113 Or App 134, 137, 831 P2d 712 (1992).

■■ Defendant also contends that the reasons stated on the record for the departure are not adequate to constitute substantial and compelling reasons for a departure. The determination of which factors justify a departure is within the discretion of the sentencing court. 113 Or App at 138. The court found that defendant's persistent involvement in similar offenses, when coupled with his substance abuse problems, warranted a departure sentence. It stated:

> "[T]he main objective of sentencing this man is to once and for all solve and resolve this drug abuse problem, and I feel that a combination of the new criteria of just desserts and safety of the community mandates that he be incarcerated for a period of time that will ensure that this drug habit can be favorably resolved."

The court did not abuse its discretion. *State v. Kennedy, supra*, 113 Or App at 139.

Affirmed.