# STATE OF OREGON,
*Respondent,*

*v.*

# WILLIAM EVARD BRITT,
*Appellant.*

(10-93-09947, 10-94-03440A and 10-94-07414;
CA A86385 (Control), A86386 and A86387)

901 P2d 960

Louis R. Miles, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant appeals from the sentence imposed following his conviction for possession of a controlled substance. ORS 475.992. We affirm.

In February 1994, defendant was stopped for a traffic infraction and found to be driving while his license was suspended. He appeared to be under the influence of some kind of stimulant and, during a search of his person, a wrapper from a cigarette package was found in his shirt pocket. The wrapper contained residue of methamphetamine, and defendant admitted that he "was drunk and tired. I'd done a line of crank earlier that day."

Defendant pled guilty to five different charges, including driving under the influence of intoxicants, ORS 813.010, felony driving while suspended and revoked, driving while suspended, ORS 811.182, and unlawful possession of a controlled substance, ORS 475.992(a) and (b). On appeal, he challenges only the dispositional departure imposed on the possession conviction. He argues that the trial court erred in relying on the aggravating factor of "persistent involvement in similar offenses" when it departed. ·

■■ The aggravating factor of persistent involvement in similar offenses, OAR 253-08-002(1)(b)(D), is intended to capture the malevolent quality in the offender that is represented by the repetitive nature or pattern of the offender's criminal behavior over and above simply counting the number of offenses in an offender's criminal history. *State v. Kennedy*, 113 Or App 134, 137, 831 P2d 712 (1992). The pattern incorporates an offender's inclination to engage in behavior with increasingly serious consequences. *Id.* at 138. Defendant acknowledges that his record contains many convictions for traffic crimes, including four convictions for driving under the influence of intoxicants and nine driving while suspended convictions. He admits that that record would support a showing of "persistent involvement" in his convictions for driving while suspended and driving under the influence of intoxicants. He argues, however, that he had no prior conviction for drug crimes, that none of his previous driving under the influence of intoxicants were shown to

involve anything other than alcohol and, therefore, his drug conviction could not be part of a repetitive pattern.

██ However, the offenses need not be identical. *State v. Cornelius*, 112 Or App 98, 827 P2d 937, *rev den* 314 Or 176 (1992). A departure sentence reflects the exceptional circumstances surrounding offenses. *See State v. Wilson*, 111 Or App 147, 151, 826 P2d 1010 (1992). Defendant's argument ignores that the legislature has granted discretion to the courts to determine the circumstances that warrant imposition of a departure sentence. *Kennedy*, 113 Or App at 139. In *Cornelius*, the defendant challenged the use of persistent involvement to support a departure sentence on his conviction of possession of a weapon by an inmate. The charge arose in the context of an escape by the defendant, who also had a record that included convictions for escape and failure to appear. We agreed with the sentencing court that the circumstances surrounding the weapons charge were similar to the defendant's past offenses: They showed a pattern of the defendant's willingness to commit crimes in order to evade criminal sanctions. *See also State v. Guthrie*, 112 Or App 102, 107, 828 P2d 462 (1992) (persistent involvement has to do with pattern of criminal behavior, instead of individual offenses reflected in criminal history).

Defendant's argument that persistent involvement in alcohol consumption is different from persistent involvement in methamphetamine consumption sidesteps the relevant pattern of criminal behavior. We agree with the state's formulation of that pattern: "The unifying theme is that defendant does not stop with the mere ingestion of legal and illegal psychogenic substances, but that he then gets in his car and drives." It was that pattern that the trial court recognized.[1] Defendant's possession conviction is an escalation of

---

[1] Defendant's criminal history dating back to 1972 was reviewed by the sentencing judge:

"I'm now looking at the criminal history. * * * Minor in Possession of Liquor. 1972. Minor in Possession of Liquor. 1973, Minor in Possession of Liquor. 1973, Driving Suspended. 1977, Driving Intoxicated. 1979, Driving While Suspended. 1979 * * * again Driving While Suspended. * * * 1981, Driving While Suspended. 1981, Driving While Suspended, Driving Intoxicated. 1985, Ex-Con in Possession of a Weapon. 1987, Driving While Suspended. 1989, Driving While Suspended, Driving Intoxicated. 1991, Driving While Suspended. 1990, Driving While Suspended. Only had three of the present offenses.

his prior pattern of drinking and driving. He admitted to both drinking and taking methamphetamine before driving. The trial court did not err in finding persistent involvement in similar offenses as an aggravating factor on defendant's conviction for possession of a controlled substance.

Affirmed.

---

"I think that the only way that — that the population will only be safe from you, Mr. Britt, is when you are locked up. *Whenever you aren't locked up, you're going up and down the highway. You don't have a license, you're drunk, you're using dope.*" (Emphasis supplied.)