# STATE OF OREGON,
## *Respondent,*

### *v.*

# STEVEN DUANE WESTCOTT,
## *Appellant.*

## (C941673CR; CA A87254)

912 P2d 400

Ingrid A. MacFarlane, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Paula Johnson Lawrence, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

### De MUNIZ, J.

Defendant appeals the departure sentence imposed after he pled guilty to a charge of manslaughter in the second degree, arising from a vehicle accident in which defendant was driving while intoxicated.[1] We affirm.

Defendant had four prior convictions for driving under the influence of intoxicants (DUII). OAR 253-04-009 provides:

> "If the current crime of conviction is for * * * ORS 163.125 Manslaughter II * * * and the crime involved the use of a vehicle, every three prior convictions for ORS 813.010 (Driving Under the Influence of Intoxicants) or comparable statutory offense or ordinance violation in the offender's criminal history shall be counted as one person felony for criminal history purposes."

Application of OAR 253-04-009 elevated defendant's criminal history score from category G to D. The presumptive sentence was 27 to 28 months, but the court imposed a departure sentence of 56 months, finding the aggravating factor of defendant's "persistent involvement in similar offenses," OAR 253-08-002(1)(b)(D).

■■ Defendant argues that the court erred in relying on persistent involvement. He contends that his prior DUII convictions were the basis of the departure but were already captured by OAR 253-04-009. Defendant acknowledges that we have held that a court may consider the applicability of persistent involvement in similar offenses even though the offenses have been captured in the criminal history score. *State v. Kennedy*, 113 Or App 134, 831 P2d 712 (1992). The factor is applicable when "the pattern of criminal behavior involves more than repetition and incorporates an offender's inclination to engage in behavior with increasingly serious consequences." *Id.* at 138. Defendant's position is that his multiple DUII convictions do not present a pattern to support a departure because the legislature has already determined that those convictions support the term dictated by OAR 253-04-009. He cites the commentary:

---

[1] Defendant also pled guilty to driving under the influence of intoxicants and was placed on five-years' probation. He does not challenge that sentence.

"Because of the seriousness of Driving Under the Influence of Intoxicants (DUII) convictions, the Guidelines Board decided that repeated DUII convictions warranted special treatment for criminal history purposes. Consequently, whenever the current offense is a vehicular homicide * * *, every three prior DUII convictions count as one adult person felony for criminal history purposes." *Oregon Sentencing Guidelines Implementation Manual* 54 (1989).[2]

■ Defendant confuses calculating a criminal history score with considering the quality of the underlying facts. On its face, OAR 293-04-009 applies to an offender's criminal history score: Three DUIIs are equal to one person felony. The rule must be applied when those convictions exist, but the rule does not thereby limit the authority provided by OAR 253-08-001 for a sentencing court to depart from the presumptive sentence when there are substantial and compelling reasons to do so.

When OAR 293-04-009 applies, the underlying facts will not always warrant a departure. Here, however, the sentencing court was correct in finding that they do. We have noted that "persistent involvement in similar offenses" captures "a separate malevolent quality in the offender represented by the repetitive nature or pattern of the offender's criminal behavior[.]" *Kennedy*, 113 Or App at 137. That quality is present in the pattern of defendant's behavior. He has been convicted for alcohol-related driving offenses four times from 1979 to 1990, and, as a result of those convictions, has participated in alcohol abuse treatment programs. However, he has continued to drink and drive. Defendant's wife testified at the sentencing that defendant had a "propensity" to drink and drive and that she encouraged him to drink at the family home in "an attempt to keep him off the road." On the night of the accident, his blood alcohol content was .246, more than three times the legal limit. On that night,

---

[2] The second paragraph of the commentary to OAR 253-04-009 relates to DUII convictions sentenced in a "single judicial proceeding," *former* OAR 253-03-001(18), a concept that is no longer part of the guidelines. Defendant does not rely on that paragraph.

defendant's friend had asked defendant to give him the keys to defendant's truck, and defendant had responded, "I've been doing this for 15 years. I get to do it for a few more."

Defendant's behavior supports the court's finding that defendant

> "not only drove a motor vehicle after consuming alcohol to the extent that he did, but in the Court's view by his statement [to his friend, he] displayed an extremely callous attitude towards his conduct when he said, 'I've been doing this for 15 years and I get to do it a few more.' Well, you don't. That clearly in the Court's mind shows an awareness and a conscious disregard of the risk. That conduct, [defendant], is inexcusable, and there's absolutely no justification for it. You have a significant history of alcohol abuse and driving since 1979. At least four prior convictions.
>
> "* * * * *
>
> "In talking about the judgment, I don't think there's any question that alcoholism is a disease. Drinking to the extent that [defendant] did is a product of compulsion from that disease. But in the Court's view, deciding to drive after drinking is not a disease and is not the product of any physiological disease process.
>
> "The decision to drive is reflected by [defendant's] statement. At the least, selfishness. At the worse, an absolute conscious disregard for the safety of others. And the presentence report indicates that treatment has not been particularly successful for [defendant] in the past, because if it had been, we wouldn't be here."

The unifying theme of defendant's persistent involvement is that, even in the face of four DUII convictions, he does not stop at drinking but instead, after doing so, consciously decides to get into his car and to drive. *State v. Britt*, 136 Or App 398, 401, 901 P2d 960, *rev den* 322 Or 360 (1995). That was the pattern recognized by the court, and OAR 253-04-009 does not prevent the court from concluding that that pattern shows the malevolent quality captured in the aggravating factor of persistent involvement in similar offenses so as to support a departure.

Affirmed.