Submitted on record and briefs December 21, 2006, affirmed April 18, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WESLEY DAVID SKANES,
*Defendant-Appellant.*

Josephine County Circuit Court
04CR0444; A126333

157 P3d 303

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Ernest G. Lannet, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge,* and Wollheim, Judge.

EDMONDS, P. J.

* Brewer, C. J., *vice* Richardson, S. J.

## EDMONDS, P. J.

Defendant appeals a conviction for possession of a controlled substance, *former* ORS 475.992(4)(b) (2001), *renumbered as* ORS 475.840(3)(b) (2005). On appeal, he assigns as error the imposition of a dispositional departure sentence after he entered a plea of no contest. He argues that (1) the trial court could not lawfully impose an upward dispositional departure sentence based on his persistent involvement in criminal activities unrelated to the conviction in this case without also finding that he possessed a separate malevolent quality, and (2) he was entitled to jury findings regarding aggravating factors under the Sixth Amendment to the United States Constitution before an upward departure sentence could be imposed. We affirm for the reasons that follow.

■　　In support of his first argument, defendant relies on this court's opinions in *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev'd*, 340 Or 310, 131 P3d 168 (2006),[1] and *State v. Kennedy*, 113 Or App 134, 831 P2d 712 (1992), to argue that the trial court erred when it failed to "find a separate malevolent quality in [defendant] over and above noting defendant's prior convictions." The state responds that OAR 213-008-0002(1)(b)(D), the applicable sentencing guideline rule, does not require an express finding of a "malevolent quality" and that our discussion in those cases about such a quality "is simply an explanation as to the meaning of the persistent-involvement factor and when the record will support [such a] finding."

The state is correct. OAR 213-008-0002 provides:

"(1) Subject to the provisions of sections (2) and (3) of this rule, the following nonexclusive list of mitigating and aggravating factors may be considered in determining

---

[1] The Supreme Court in *Perez* reversed our holding in that case that the record demonstrated error apparent on the face of the record when the defendant was not furnished a jury trial on the issue of whether aggravating factors existed for purposes of an upward departure sentence. It held that it could properly be inferred from the record that the defendant chose to have the trial court, rather than a jury, find the aggravating facts. 340 Or at 318.

whether substantial and compelling reasons for a departure exist:

"* * * * *

"(b) Aggravating factors:

"* * * * *

"(D) Persistent involvement in similar offenses or repetitive assaults. * * *"

Nowhere in the text of the rule does it require a separate finding of a malevolent quality.

Moreover, defendant's reliance on our opinions in *Kennedy* and in *Perez* is misplaced. We did not in those cases purport to add to the requirements of the rule. In *Kennedy*, our discussion regarding a malevolent quality was in the context of explaining the import of an example given in the commentary to the rule. We stated with regard to the factor of persistent involvement that it

> "is intended to capture, for sentencing purposes, a separate malevolent quality in the offender represented by the repetitive nature or pattern of the offender's criminal behavior over and above simply counting the number of offenses in an offender's criminal history."

113 Or App at 137-38. Similarly, in *Perez*, we quoted the above language from *Kennedy* with reference to the trial court's finding in that case that "for criminal justice purposes," the defendant was a "psychopath." 196 Or App at 372-73. In neither case did we hold that a trial court must make an additional finding that a defendant has a malevolent quality before the court can find an aggravating factor under OAR 213-008-0002(1)(b)(D). Rather, our intention was to explain the purpose of the rule. Accordingly, we reject defendant's initial argument.

■ Defendant argues alternatively that he was entitled to a jury trial under the Sixth Amendment to the United States Constitution and the holding in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), on the issue of whether he had engaged in persistent involvement in similar offenses. However, he did not ask for a jury trial on that issue in the trial court even though his counsel was

aware of the holding in *Blakely*. Nonetheless, defendant urges that we should review his claim of error as error apparent on the face of the record under ORAP 5.45. In light of defendant's waiver of his jury trial right on the underlying offense and his failure to assert any right to a jury trial at sentencing, particularly in light of the fact that his trial counsel expressed that he was aware of the holding in *Blakely*, the record does not clearly show that the trial court erred. *State v. Gornick*, 340 Or 160, 162-70, 130 P3d 780 (2006); *Perez*, 340 Or at 318.

Affirmed.