Argued and submitted July 31, affirmed December 26, 2007

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# CLINTON JAMES CROCKER,
*Defendant-Appellant.*

Marion County Circuit Court
05C46614; A129507

174 P3d 1129

Joshua B. Crowther, Deputy Public Defender, argued the cause for appellant. On the opening brief were Ingrid Swenson, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Jamesa J. Drake, Deputy Public Defender, Office of Public Defense Services. With him on the reply brief was Peter Gartlan, Chief Defender, Legal Services Division.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Defendant, who was convicted after a jury trial of first-degree sodomy, ORS 163.405, appeals, challenging the imposition of an upward departure sentence. He argues that the aggravating factors on which the trial court predicated the upward departure sentence—"prior criminal justice sanctions have not deterred defendant" and "defendant has a history of institutional or prison disciplinary problems"—are unconstitutionally vague. We reject those arguments and, consequently, affirm.

The circumstances material to our review are undisputed. Defendant was convicted by a jury of first-degree sodomy of a fellow inmate at Oregon State Penitentiary. In the sentencing phase, the court submitted to the jury the determination of two sentence enhancement facts: "Prior criminal justice sanctions have not deterred defendant" and "defendant has a history of institutional or prison disciplinary problems." In doing so, the court rejected defendant's arguments that those factors were unconstitutionally vague.

During the sentencing phase, the state presented evidence that defendant had, as a prison inmate, committed 49 "major rule violations" in the four years preceding the trial, including 11 such violations in the year preceding the trial. The state also introduced evidence of defendant's prior convictions, including a 1988 conviction for second-degree assault, multiple convictions in 1991 for first-degree arson, and convictions in 1991 and 1997 for possession of a weapon by an inmate. Ultimately, the jury returned special verdict findings that defendant met both aggravating factors, and the court, without a determination that either factor was an independently sufficient basis, imposed an upward departure sentence of 122 months' imprisonment.

■     On appeal, defendant renews his arguments that the two aggravating factors applied in this case were unconstitutionally vague because they fail to afford "fair warning" to potentially affected citizens and were susceptible to arbitrary and unprincipled application.[1] The state responds that defendant's challenges are not reviewable under ORS 138.222 and,

---

[1] Defendant notes, in passing, that neither of the aggravating factors at issue here is among the "enumerated" factors specifically listed in OAR 213-008-0002(1)(b). We do

in all events, fail on the merits. We reject the state's non-reviewability arguments, *see State v. Gallegos*, 217 Or App 248, 174 P3d 1086 (2007),[2] but agree that defendant's challenges lack merit.

We understand defendant's vagueness challenges to the two aggravating factors here to be "facial" challenges.[3] With respect to provisions that do not implicate rights protected under the First Amendment to the United States Constitution, it is axiomatic that " '[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness.' " *Hoffman Estates v. Flipside, Hoffman Estates*, 455 US 489, 495 n 7, 102 S Ct 1186, 71 L Ed 2d 362 (1982) (quoting *Parker v. Levy*, 417 US 733, 756, 94 S Ct 2547, 41 L Ed 2d 439 (1974)); *see also Maynard v. Cartwright*, 486 US 356, 361, 108 S Ct 1853, 100 L Ed 2d 372 (1988) (due process vagueness challenges "rest on the lack of notice, and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk").

That principle is decisive here. Even assuming, without deciding, that the operative language of the two departure factors might, as applied in some circumstances, be vague,[4] there can be no question that defendant falls within their indisputable core. Here, defendant committed his crime while incarcerated for other crimes; indeed, he had a lengthy criminal history. Given those circumstances, defendant cannot plausibly claim that he lacked fair notice that he could be subject to enhanced punishment because "[p]rior criminal justice sanctions [had] not deterred" him or that the

---

not understand defendant to contend, as did the defendant in *State v. Gallegos*, 217 Or App 248, 174 P3d 1086 (2007), that the "nonexclusive" aspect of OAR 213-008-0002(1) renders that provision unconstitutionally vague. In all events, we rejected that argument in *Gallegos*.

[2] The state's "nonreviewability" argument here is one of several nonreviewability arguments that the state posited in *Gallegos*.

[3] For example, defendant contends that "the terms 'sanctions,' 'deterred,' 'history,' 'institutional,' 'disciplinary,' and 'problems' are not defined by law (statute, rule, or case law), and the plain meaning of the words fails to elucidate their legal meaning." Consequently, defendant argues that those terms are, individually and collectively, vague.

[4] Again, as in *State v. Schenewerk*, 217 Or App 243, 247 n 1, 174 P3d 1117 (2007), we note that "textual ambiguity and unconstitutional vagueness are hardly congruent concepts."

application of that standard to him was arbitrary. Similarly, given his institutional disciplinary record—nearly 50 "major rule violations" in the four years preceding the trial—defendant, quintessentially, "has a history of institutional or prison disciplinary problems." In sum, the trial court properly rejected defendant's vagueness challenges and submitted the departure factors to the jury.

Affirmed.