Argued and submitted July 31, affirmed December 26, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL PATRICK GALLEGOS,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF050603, CF060154
A132618 (Control); A132619

174 P3d 1086

Joshua B. Crowther, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

In these consolidated cases, defendant was convicted of multiple offenses. His only assignment of error on appeal pertains to the trial court's imposition of an upward departure sentence on a conviction for second-degree burglary in one of those cases. Specifically, defendant contends that the imposition of a departure sentence based on an aggravating factor—*viz.*, that defendant was "on supervision" at the time he committed his crime—that is not specifically listed in the state sentencing guidelines violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[1] For the reasons that follow, we reject that contention and, consequently, affirm.

The circumstances material to our review are undisputed. Defendant pleaded guilty to, among other crimes, second-degree burglary and waived his right to have a jury determine whether aggravating factors supported the imposition of departure sentences. The state presented evidence at sentencing that defendant was on post-prison supervision at the time he committed the burglary offense at issue on appeal and argued that that fact supported an upward departure sentence.

Defendant objected to the use of "any unenumerated aggravating factor," arguing that due process requires laws to be "sufficiently explicit to inform those who are subject to [the law] what conduct on their part will render them liable." When the trial court asked defense counsel to be more specific, counsel responded:

> "My objection to this aggravating factor, Your Honor, is that it's not enumerated in the OARs. Therefore, the Defendant would not be on any notice that this factor could be used as an aggravating factor in this sort of sentencing hearing."

---

[1] Defendant further asserts that the use of that departure factor violates the prohibitions on *ex post facto* laws found in Article I, section 21, of the Oregon Constitution, and Article I, section 10, of the United States Constitution. Because defendant does not make any argument concerning those provisions that is distinct from the due process arguments addressed in the text, we do not discuss those provisions separately.

The court then asked if defendant was arguing that he lacked actual notice that the state intended to rely on the "on supervision" factor at sentencing, and defense counsel acknowledged that defendant knew that the state would rely on that factor before he entered into the plea agreement.

The court rejected defendant's due process argument and imposed a departure sentence of 19 months pursuant to ORS 137.717(3)(b), which permits the imposition of a "departure sentence authorized by the rules of the Oregon Criminal Justice Commission based upon findings of substantial and compelling reasons." The court specifically found that defendant was on supervision at the time of the offense.

On appeal, defendant renews his arguments regarding lack of notice. In particular, defendant asserts:

"OAR 213-008-0002(1)(b)(A)-(K) establishes a list of 'aggravating factors [that] may be considered in determining whether substantial and compelling reasons for a departure exist[.]' OAR 213-008-0002(1). The list is intended to be nonexclusive. *Id.* The 'on supervision' factor is not among those enumerated in OAR 213-008-0002(1)(b). Therefore, it violates the federal proscription against *ex post facto* laws because it fails to 'give fair warning of [its] effect and permit individuals to rely on [its] meaning until explicitly changed.' *Weaver v. Graham,* 450 US 24, 101 S Ct 960, 67 L Ed 2d 17 (1981) (citing *Dobbert v. Florida,* 432 US 282, 97 S Ct 2290, 53 L Ed 2d 344 (1977))[.] * * *

"* * * * *

"* * * [D]efendant cannot be held to have known, when he allegedly committed his crimes that this court had created an aggravating factor that could double the penalty to which he could be exposed."[2]

(Brackets in original.)

---

[2] On appeal, defendant also seems to suggest that imposition of departure sentences based on judicially developed "nonenumerated" aggravating factors may violate separation of powers principles. Specifically, defendant posits, without elaboration, that "he should not be held to know that the judiciary can create its own departure factors from a legislatively delegated administrative rule." Defendant did not raise such a contention before the trial court, and it differs qualitatively from the contentions that he did raise; consequently, we decline to consider it.

The state responds, as an initial matter, that this court lacks jurisdiction over the appeal under ORS 138.050 or, in the alternative, that defendant's claim is unreviewable under ORS 138.222. We have addressed and rejected essentially the same arguments in *State v. Stubbs*, 193 Or App 595, 91 P3d 774, *rev den*, 337 Or 669 (2004), and *State v. Arnold*, 214 Or App 201, 164 P3d 334 (2007). We reject the state's appealability and reviewability arguments without further discussion, and turn to the merits of the due process question.

A law may violate the Due Process Clause if it " 'fails to provide fair warning' " of what conduct is prohibited. *State v. Hutchins*, 214 Or App 260, 265, 164 P3d 318 (2007) (quoting *State v. Illig-Renn*, 341 Or 228, 238-39, 142 P3d 62 (2006)). A term, however, need not be defined "with such exactitude that a person could determine in advance whether specific conduct in all possible factual circumstances will be found to be an offense." *State v. Page*, 129 Or App 558, 563, 879 P2d 903 (1994). Nevertheless, the operative language of the provision must be such that a person "of common intelligence can understand what is prohibited." *Id.* Although that test is phrased in terms of "offenses," we have applied the same general type of analysis to challenges to various aspects of sentencing as well. *See, e.g., State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed*, 312 Or 76 (1991) (concluding that drug "scheme or network" crime seriousness enhancement factor was unconstitutionally vague); *State v. Smith*, 66 Or App 374, 675 P2d 1060, *rev den*, 297 Or 339 (1984) (considering due process vagueness challenge to dangerous offender sentencing factors).

The nature and scope of defendant's due process/lack of notice challenges are not entirely clear. However, we understand defendant to raise two overarching arguments. First, because the listing of "aggravating factors" in OAR 213-008-0002(1) is, by its terms, "nonexclusive," that provision does not afford fair notice as to the totality of the circumstances that can result in the imposition of enhanced punishment. Second, and more narrowly, because the "on supervision" factor is a nonenumerated factor—that is, a factor not specifically identified in OAR 213-008-0002(1)(b)—defendant was not afforded notice, before he committed the burglary,

that his supervisory status could result in enhanced punishment. In broad terms, defendant's first argument is functionally akin to a "facial" challenge, and his second argument is an "as applied" challenge.[3]

In *Hoffman Estates v. Flipside, Hoffman Estates,* 455 US 489, 495 n 7, 102 S Ct 1186, 71 L Ed 2d 362 (1982), the Court described the standards for evaluating facial vagueness challenges to provisions as failing to give fair warning of proscribed conduct and its potential consequences:

> " '[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand.' *United States v. Mazurie,* 419 US 544, 550, 95 S Ct 710, 42 L Ed 2d 706 (1975). *See United States v. Powell,* 423 US 87, 92-93, 96 S Ct 316, 46 L Ed 2d 228 (1975); *United States v. National Dairy Products Corp.,* 372 US 29, 32-33, 36, 83 S Ct 594, 9 L Ed 2d 561 (1963). 'One to whose conduct a statute clearly applies may not successfully challenge it for vagueness.' *Parker v. Levy,* 417 US 733, 756, 94 S Ct 2547, 41 L Ed 2d 439 (1974). The rationale is evident: to sustain such a challenge, the complainant must prove that the enactment is vague " 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.' " *Coates v. City of Cincinnati,* 402 US 611, 614[, 91 S Ct 1686, 29 L Ed 2d 214 (1971)]. Such a provision simply has *no core.' Smith v. Goguen,* 415 US 566, 578, 94 S Ct 1242, 39 L Ed 2d 605 (1974)."

(Emphasis and brackets in original.) *See also State v. Chakerian,* 325 Or 370, 380-81, 938 P2d 756 (1997) (applying same standard). Thus, to successfully maintain his ostensibly "facial" challenge, defendant must demonstrate that "no standard of conduct is specified at all" in OAR 213-008-0002(1). *Coates,* 402 US at 614. Conversely, if that rule "requires a person to conform his conduct to an imprecise but comprehensible normative standard," it is not unconstitutionally vague. *Id.*

---

[3] Defendant does not argue that the "on supervision" factor is itself so lacking in definition as to be unconstitutionally vague. Rather, he contends that he was not afforded fair notice before the commission of his crimes that he might be subject to enhanced punishment because of that circumstance.

■        We turn to the text of the challenged rule. Because we read the challenged text in context, we quote the entire provision concerning aggravating factors, rather than just the "nonexclusivity" provision that defendant challenges. OAR 213-008-0002(1) provides:

> "Subject to the provisions of sections (2) and (3) of this rule, the following nonexclusive list of * * * aggravating factors may be considered in determining whether substantial and compelling reasons for a departure exist:

> "* * * * *

> "(b)   Aggravating factors:

> "(A)   Deliberate cruelty to victim.

> "(B)   The offender knew or had reason to know of the victim's particular vulnerability, such as the extreme youth, age, disability or ill health of victim, which increased the harm or threat of harm caused by the criminal conduct.

> "(C)   Threat of or actual violence toward a witness or victim.

> "(D)   Persistent involvement in similar offenses or repetitive assaults. This factor may be cited when consecutive sentences are imposed only if the persistent involvement in similar offenses or repetitive assaults is unrelated to the current offense.

> "(E)   Use of a weapon in the commission of the offense.

> "(F)   The offense involved a violation of public trust or professional responsibility.

> "(G)   The offense involved multiple victims or incidents. This factor may not be cited when it is captured in a consecutive sentence.

> "(H)   The crime was part of an organized criminal operation.

> "(I)   The offense resulted in a permanent injury to the victim.

> "(J)   The degree of harm or loss attributed to the current crime of conviction was significantly greater than typical for such an offense.

"(K)  The offense was motivated entirely or in part by the race, color, religion, ethnicity, national origin or sexual orientation of the victim."

Subsections (2) and (3) of that rule clarify that elements of crimes, or elements required for mandatory sentences, may not be used as aggravating factors.

■■    In interpreting a statute (or, in this case, an administrative rule that has been adopted by the legislature and has the force of statute), we give words their "plain, natural, and ordinary meaning." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). We thus look for the ordinary meaning of "aggravating" factor. The meaning of the adjective "aggravating" is quite straightforward: "making worse." *Webster's Third New Int'l Dictionary* 41 (unabridged ed 2002). Thus, OAR 213-008-0002(1) permits the imposition of upward departure sentences if substantial and compelling reasons exist to conclude that circumstances other than the elements of the crime itself made the crime somehow worse.

Beyond prescribing that general standard for imposition of upward departure sentences, OAR 213-008-0002(1) also includes a list—albeit a "nonexclusive" list—of matters constituting "aggravating factors." *See* OAR 213-008-0002(1)(b)(A) - (K). That listing of "enumerated" factors—pertaining to, *e.g.*, threats, violence, cruelty, recidivism, exceptional harm, and vulnerable victims—evinces an intent to impose enhanced punishment where those circumstances are not otherwise captured as elements of the defendant's crimes. As the Supreme Court observed in *Bellikka v. Green*, 306 Or 630, 636, 762 P2d 997 (1988), "when the legislature chooses to state both a general standard and a list of specifics, the specifics do more than place their particular subjects beyond the dispute; they also refer the scope of the general standard to matters of the same kind, often phrased in Latin as *'ejusdem generis.'*" Thus, the rule's "list of specifics" gives further definition to the proper scope of "aggravating" in developing and applying nonenumerated bases for the imposition of upward departure sentences.

In light of the plain meaning of the term "aggravating" and the totality of the context in which it is used in

OAR 213-008-0002(1), we conclude that that term satisfies due process in that it embodies "an imprecise but comprehensible normative standard." *Coates*, 402 US at 614. Further, a series of appellate decisions sustaining the imposition of departure sentences based on nonenumerated "aggravating" factors has amplified and refined the contours and content of that standard. *See, e.g., State v. Williams*, 133 Or App 191, 891 P2d 3, *rev den*, 321 Or 512 (1995) (defendant on supervision showed inability to be deterred from committing new crimes); *State v. Hill*, 112 Or App 213, 827 P2d 951 (1992) (dispositional departure from probationary sentence was warranted where defendant had previously committed crimes while on probation). Those decisions long antedated defendant's commission of the second-degree burglary in this case. We thus reject defendant's more general, "facial," challenge.

■      To the extent that defendant advances the more narrow challenge that he was not afforded fair notice of the "on supervision" factor—that is, that he might be subject to enhanced sanctions because of his "on supervision" status at the time that he committed the burglary—that argument also fails. As noted, OAR 213-008-0002(1) explicitly states that its listing of departure factors is "nonexclusive," thereby giving would-be criminals notice that other "aggravating" factors may properly be considered in imposing sentence. Further, as defendant acknowledges, the factor at issue in the present case was recognized as an appropriate aggravating factor in our case law long before the crime here was committed. Nevertheless, defendant suggests that he cannot be "presumed to know the law" that is relevant to him, *Bartz v. State of Oregon*, 314 Or 353, 359-60, 839 P2d 217 (1992), because it is embodied in a nonexclusive list in an administrative rule and in case law interpreting that rule. However, defendant offers no support for that assertion; to the contrary, the Supreme Court considered and rejected a similar argument in *Illig-Renn*: "[T]o the extent that the lawfulness of an official's order can be ascertained by resort to the published substantive law, the ordinary citizen must be presumed to know and understand the general parameters of the term 'lawful order.' " 341 Or at 242.

The same is true of "aggravating factors" that may be used "in determining whether substantial and compelling

reasons" exist to impose a departure sentence. At the time that defendant committed his crimes, "published substantive law"—*viz.*, the text of OAR 213-008-0002(1) and published decisions sustaining departure sentences based on the defendants' supervisory status—afforded defendant fair notice that his commission of crimes while "on supervision" exposed him to enhanced punishment. *See generally Maynard v. Cartwright*, 486 US 356, 361, 108 S Ct 1853, 100 L Ed 2d 372 (1988) (due process vagueness challenges "rest on lack of notice, and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk").

Affirmed.