Argued and submitted July 31, affirmed December 26, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRUCE THOMAS SCHENEWERK,
*Defendant-Appellant.*

Multnomah County Circuit Court
050533017; A130767

174 P3d 1117

Joshua B. Crowther, Deputy Public Defender, argued the cause for appellant. On the opening brief were Ingrid Swenson, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Jamesa J. Drake, Deputy Public Defender, Office of Public Defense Services. With him on the reply brief was Peter Gartlan, Chief Defender, Legal Services Division.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant, who pleaded guilty to first-degree theft, ORS 164.055, appeals, challenging the trial court's imposition of an upward departure sentence based on defendant's "persistent involvement" in similar offenses unrelated to the current crime. *See* OAR 213-008-0002(1)(b)(D). He argues that the "persistent involvement" departure factor is unconstitutionally vague and, alternatively, that the evidence was insufficient to support the imposition of an upward departure sentence based on that aggravating factor. We reject both of those contentions and, consequently, affirm.

The circumstances material to our review are undisputed. Defendant pleaded guilty and waived his right to a sentencing jury. At sentencing, the court imposed an upward departure sentence of 26 months pursuant to ORS 137.717(3)(b), which permits the imposition of a departure sentence "authorized by the rules of the Oregon Criminal Justice Commission based on findings of substantial and compelling reasons." Specifically, the court found as an aggravating factor that defendant had been persistently involved in similar offenses unrelated to the current offense. *See* OAR 213-008-0002(1)(b)(D). In so ruling, the court denied defendant's "Motion to Dismiss Aggravating Factors on Grounds of Vagueness and Violation of Due Process" and also denied defendant's motion for judgment of acquittal (MJOA) on the "persistent involvement" aggravating factor.

On appeal, defendant renews both challenges. The state, besides joining issue on the merits, also contends, as a threshold matter, that defendant's challenges are not reviewable. The state's "nonreviewability" arguments here substantially parallel those in *State v. Gallegos*, 217 Or App 248, 174 P3d 1086 (2007), and, for the reasons stated in *Gallegos*, we also reject them here.

■ We first address defendant's nonconstitutional argument. Defendant contends that, for a sentencing court to impose a departure sentence based on a finding of "[p]ersistent involvement in similar offenses," OAR 213-008-0002(1)(b)(D), the state must produce evidence other than the defendant's criminal history itself that demonstrates "a

separate malevolent quality in the offender[.]" *State v. Kennedy*, 113 Or App 134, 137, 831 P2d 712 (1992). That argument is conclusively answered by *State v. Bray*, 342 Or 711, 160 P3d 983 (2007), in which the court addressed the content of the "persistent involvement" aggravating factor.

In *Bray*, the Supreme Court considered whether the "persistent involvement" factor "comes within the prior conviction exception to the rule in *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000)." *Bray*, 342 Or at 714. The court concluded that it did not:

"We note, as an initial matter, that the use of the word 'persistent' implies that the defendant's involvement in those offenses must be recurring or continuing. *See Webster's* [*Third New Int'l Dictionary*] 1686 [(unabridged ed 2002)] (defining 'persistent' as 'existing for a long or longer than usual time or continuously : ENDURING, LINGERING').

"In determining whether the record establishes '[p]ersistent involvement in similar offenses,' a sentencing court must do more than find that a defendant has two or more prior convictions for similar offenses. The trier of fact must infer from the number and frequency of those prior convictions whether the defendant's involvement in those offenses is 'persistent'; that is, the trier of fact must determine whether the defendant's involvement in similar offenses is sufficiently continuous or recurring to say that it is 'persistent.' If, as the plurality explained in *Shepard* [*v. United States*, 544 US 13, 125 S Ct 1254, 161 L Ed 2d 205 (2005)], the prior conviction exception includes only those facts that the conviction itself or the judicial record conclusively establishes, then it does not include inferences, such as persistent involvement in similar offenses, that a trier of fact may draw from a series of prior convictions. In short, we agree with the Court of Appeals that '[p]ersistent involvement in similar offenses' presents a factual issue that, under *Apprendi* and *Blakely* [*v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004)], a defendant may insist that a jury find beyond a reasonable doubt."

*Id.* at 724 (footnote omitted).

Thus, under *Bray*, the determination of "persistent involvement" is straightforward: The factfinder is to determine, from the "number and frequency" of defendant's prior

convictions for similar offenses whether defendant's involvement in those offenses was so "continuous or recurring" as to be "persistent." *Id.* To the extent that any of our prior cases, including *Kennedy*, may have introduced any arguably ambiguous or extraneous "gloss" into the operative standard, the Supreme Court's elucidation in *Bray* remedied any such problem.

Further, under *Bray*, although "persistent involvement" is a factual determination, it is one that involves inferences that a trier of fact may draw from a series of prior convictions. That is, the state need not adduce evidence *beyond* the "number and frequency" of prior convictions in order for the trier of fact to find the requisite "continuous or recurring" involvement in similar offenses. Consequently, the state's proof in this case was sufficient, and the trial court properly denied the MJOA.

We turn to defendant's constitutional vagueness challenge. Defendant argues first that the term "persistent involvement" is innately vague and, thus, fails to give fair notice to potentially affected citizens and to afford adequate guidance for its principled application. Even assuming without deciding defendant's first premise,[1] that argument fails because the content of "persistent involvement" can be readily ascertained from published substantive law. *See State v. Illig-Renn*, 341 Or 228, 240-42, 142 P3d 62 (2006). There is nothing unconstitutionally vague about "persistent involvement" as construed in *Bray*.

Defendant further argues that, in all events, the "malevolent quality" aspect introduced by *Kennedy* renders "persistent involvement" impermissibly vague. Again, to the extent that defendant's arguments simply attack our pre-*Bray* decisions, *Bray* is dispositive.

Affirmed.

---

[1] We note that textual ambiguity and unconstitutional vagueness are hardly congruent concepts.