***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted June 14, affirmed August 9, 2023, petition for review
denied January 12, 2024  (371 Or 825)

JOQUAN ALFRED PENNINGTON,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
19CV14699; A176080

J. Burdette Pratt, Senior Judge.

Jason Weber argued the cause for appellant. Also on the briefs was O'Connor Weber LLC.

E. Nani Apo, Assistant Attorney General, argued the cause for respondent. Also on the brief was Ellen Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

In this post-conviction appeal, petitioner challenges the denial of relief on his claim for inadequate assistance of counsel at sentencing.[1] Petitioner committed 18 crimes while driving under the influence of intoxicants, and, upon conviction, the sentencing court imposed an upward durational departure sentence due to petitioner having been on supervision at the time of the crimes. Specifically, petitioner was on bench probation in three other cases for similar crimes (driving while suspended, reckless driving, and driving under the influence of intoxicants). Petitioner claims that his counsel provided inadequate assistance by failing to argue that being on bench probation was not a substantial and compelling reason for upward departure. We affirm.

We review the denial of post-conviction relief for errors of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). "A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them." *Id*. To be entitled to post-conviction relief, a petitioner must prove both that counsel's performance was constitutionally deficient and that he suffered prejudice as a result. *Montez v. Czerniak*, 355 Or 1, 7, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014).

There are two analytical steps involved when a sentencing court considers imposing an upward departure sentence. The court must determine, first, whether the state has proved the existence of any aggravating or enhancing factors and, second, "whether the factors so proved provide a substantial and compelling reason that justifies imposing a sentence beyond the presumptive range." *State v. Upton*, 339 Or 673, 679, 125 P3d 713 (2005); *see* ORS 137.671(1) (2015) ("The court may impose a sentence outside the presumptive sentence or sentence range made presumptive under ORS 137.669 for a specific offense if it finds there are

---

[1] Petitioner makes his arguments under Article I, section 11, of the Oregon Constitution, as well as the Sixth and Fourteenth Amendments to the United States Constitution. The state and federal standards are "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014). We explain our rejection of petitioner's state constitutional argument in the text. We reject his federal constitutional argument for the same reasons.

substantial and compelling reasons justifying a deviation from the presumptive sentence.").

Here, the sentencing court found as an aggravating factor that petitioner was "on supervision" at the time of the crimes. *See State v. Gallegos*, 217 Or App 248, 256-57, 174 P3d 1086 (2007), *rev den*, 344 Or 670 (2008) (being on supervision is an aggravating factor, even though it is not included in the nonexclusive list in OAR 213-008-0002(1)(b)). Petitioner does not challenge that finding, but he contends that his trial counsel performed inadequately by failing to argue to the sentencing court that his being on essentially unsupervised bench probation was not a substantial and compelling reason to justify upward departure.

The post-conviction court found that, in fact, trial counsel did argue that the circumstances of petitioner's bench probation were such that there was not a substantial and compelling reason to depart:

> "Trial counsel argued that the fact that Petitioner was on supervision at the time was not a basis for a departure sentence in Petitioner's case because it was a bench probation and he had little time to participate in treatment. He argued that the factor of being on probation was not sufficient to constitute a substantial and compelling reason for departure. Trial counsel made the argument that Petitioner faults him for not making."

That finding is supported by the record, so we are bound by it. Petitioner may believe that counsel's argument would have been more effective if presented differently, but we are unpersuaded that it was constitutionally inadequate for counsel to argue as he did.

We briefly address *State v. Allen*, 202 Or App 565, 123 P3d 331 (2005), *disposition withdrawn*, 207 Or App 295, 140 P3d 1135, *rev den*, 342 Or 46 (2006), which both parties cite. In *Allen*, we discussed "the use of a departure sentence based on the defendant's supervision status under the rationale that the commission of a new crime demonstrated that supervision had not deterred the defendant." *Id.* at 569. We read our case law as supporting the conclusion that departure "is warranted only if the factfinder can draw an inference as to the malevolent quality of the offender and the

failure of his parole status to serve as an effective deterrent." *Id*. at 570 (internal quotation marks omitted). We therefore distinguished between (1) the fact of being on supervision, which the defendant had admitted, and (2) the fact of supervision having failed to deter further criminal activity, which needed to be found by a jury because the defendant had not admitted it. *Id*.

Petitioner invokes the "malevolent quality of the offender" language from *Allen* in support of his contention that trial counsel's arguments were inadequate, but we agree with the state that *Allen* is no longer good law on that point. In *State v. Lennon*, 348 Or 148, 157, 229 P3d 589 (2010), the Supreme Court addressed the "failure to deter" departure factor, and it expressly rejected our conclusion (based on *Allen*) that a "malevolent quality" finding was required. Shortly thereafter, in *State v. Pratt*, 238 Or App 1, 4-5, 241 P3d 744 (2010) *rev den*, 349 Or 603 (2011), we acknowledged that *Lennon*'s reasoning applied equally to the "supervision status" departure factor and that, consequently, a "malevolent quality" finding was not required. We are unpersuaded that *Allen* supports petitioner's arguments for post-conviction relief.

In sum, the post-conviction court did not err in denying relief.

Affirmed.