Argued and submitted August 30, 1991, convictions affirmed; remanded for
resentencing March 11, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## CHARLES HOUSTON GUTHRIE,
*Appellant.*

(90-1173-C-3; CA A67307 (Control), A67334)

828 P2d 462

David K. Allen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

### De MUNIZ, J.

Defendant was convicted of attempted murder, ORS 163.115, assault in the first degree, ORS 163.185, assault in the fourth degree, ORS 163.160 and carrying a concealed weapon. ORS 166.240. He appeals his conviction for assault in the first degree and the upward departure sentence imposed on the convictions for attempted murder and assault in the first degree.[1]

The charges arose from an incident on the evening of April 5, 1990, in the parking lot of a tavern in Jackson County. The victim, Hice, left the tavern and saw defendant and his brother beating up a third man. Hice testified that he walked up to defendant and told him, "Two on one ain't fair. Looks like he's had enough." Hice started to pull defendant away and was stabbed. Defendant's brother testified that Hice intervened before the man was hit and that Hice and defendant wrestled. The brother testified that Hice threw defendant to the ground and then charged him, after which the brothers stopped fighting and left. The jury found defendant guilty on all of the charges in the indictment.

■ Defendant first assigns error to the trial court's order overruling his demurrer to the sentencing guideline subcategory language for the offense of assault in the first degree charged in count two of the indictment.[2] Under the sentencing guidelines, assault in the first degree is in crime seriousness category 10 "if the victim(s) did not substantially contribute to the commission of the offense by precipitating the attack." OAR 253-04-002; App 3. Otherwise, the offense is in category 9.

■ Constitutional vagueness principles apply to the elements of a crime and also to the sentencing guidelines insofar as they define part of the conduct on which the sanction is based. *See State v. Moeller*, 105 Or App 434, 439, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701 (1991). Defendant

---

[1] Convictions on those charges were merged for sentencing purposes.

[2] Count two of the indictment reads, in part:

"[T]he State further alleges that the above named victim did not substantially contribute to the commission of the above described offense by precipitating the attack, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

argues that the language of the subcategory is unconstitutionally vague on its face. He contends that the "primary ambiguity in the guidelines language lies in the concept of [precipitating the attack]." He argues that the term precipitating could be read to apply to a victim like Hice, who was acting within the doctrines of self-defense and defense of others. On the other hand, he argues that the category might also be interpreted to apply only if the victim is involved in an unlawful act. Defendant contends that the language could also be read to exclude a victim who comes within exceptions to the use of force in self-defense, as set out in ORS 161.215.[3] In short, his position is that the meaning is so unclear that judges and juries have "unbridled discretion to decide what conduct" comes within it and does not "provide notice of the forbidden conduct." *State v. Cornell/Pinnell*, 304 Or 27, 29, 30, 741 P2d 501 (1987).

Defendant argues that the only way to save the subcategory is to interpret it as applying only to situations in which the victim is passive and is taken unawares by an attack. He urges that that interpretation would mean that fewer defendants would be sentenced to longer terms of imprisonment, a result that comports with the guidelines' policy that punishment by incarceration must not overburden the resources of the corrections system. OAR 253-02-001(3)(a).

Even assuming that defendant's interpretation would result in fewer defendants being sentenced to incarceration for assault, we do not agree that the policy on which he relies takes precedence over all other policies underlying the guidelines. One of those is that ranking crime seriousness

---

[3] ORS 161.215 provides:

"Notwithstanding ORS 161.209, a person is not justified in using physical force upon another person if:

"(1) With intent to cause physical injury or death to another person, the person provokes the use of unlawful physical force by that person; or

"(2) The person is the initial aggressor, except that the use of physical force upon another person under such circumstances is justifiable if the person withdraws from the encounter and effectively communicates to the other person the intent to do so, but the latter nevertheless continues or threatens to continue the use of unlawful physical force; or

"(3) The physical force involved is the product of a combat by agreement not specifically authorized by law."

provides protection from personal assault for individuals. Commentary, *Oregon Sentencing Guidelines Implementation Manual* 12 (1989). Protection is not limited to passive victims only.

The assault subcategory does not give a jury unbridled discretion to determine what conduct comes within it. The seriousness of an assault can depend, in part, on whether a defendant justifiably reacted to a victim's conduct. A jury can evaluate the circumstances and determine the culpability, if any, that a victim may share in provoking an assault. The language of the subcategory provides adequate notice to a person that an unprovoked assault is a more serious offense.[4]

■     Defendant's final assignment of error is that the sentencing court erred in imposing an upward departure sentence of 180 months. He contends that the departure is not supported by the evidence and that the reasons given by the court were not substantial and compelling. ORS 138.222(3). The court found these aggravating factors: violence toward the victim, OAR 253-08-002(1)(b)(C); use of a weapon, OAR 253-08-001(1)(b)(E); permanent injury to the victim, OAR 253-908-005(1)(b)(I); persistent involvement in similar offenses, OAR 253-08-002(1)(b)(D); and prison discipline problems.

■     The state concedes that the sentencing court erred in relying on the first three factors, which are elements of the crime of first degree assault. Under OAR 253-08-002(2), a factual aspect of a crime may not be used as an aggravating factor unless the aspect is "significantly different from the usual criminal conduct captured by the aspect of the crime." The court did not explain any significant differences and, in fact, indicated that the aggravation on which it was relying was, in part, "incorporated in the crime itself."

---

[4] Defendant also assigns error to the denial of his motion for judgment of acquittal on the assault charge and the instruction that incorporated the subcategory language. He concedes that the record supports the conclusion that Hice was legally privileged to come to the aid of the third person. The alleged errors are based on his position, in the first assignment of error, that the language must be read to apply only to a cold-blooded assault on a passive victim. We have rejected that argument and, accordingly, find no error in the second or third assignments of error.

■ Because we remand for resentencing, ORS 138.222(5), we address defendant's additional arguments. He contends that the court erred in relying on "similar offenses," because his prior crimes were encompassed by his grid block. He also argues that the court erred in relying on his prison discipline history which, he contends, was too remote when considered with his "excellent" parole performance.

■ Although "prison discipline" is not a departure factor listed under OAR 253-08-005(2), that list is not exclusive. OAR 253-08-002(1)(b)(D) provides that "[p]ersistent involvement in similar offenses" may be considered as an aggravating factor. The examples for that factor show that it has to do with the pattern of criminal behavior, instead of individual offenses that are reflected in the criminal history scale of the grid block. *See State v. Cornelius*, 112 Or App 98, 827 P2d 937 (1992). The court could appropriately consider both factors as substantial and compelling reasons if it explains why they present circumstances not envisioned by the legislature in establishing the presumptive sentence. *State v. Wilson*, 111 Or App 147, 150-51, 826 P2d 1010 (1992). The court did not provide that explanation.

■ Defendant challenges the court's refusal to consider, as a mitigating circumstance, the victim's participation in the criminal conduct. OAR 253-08-002(a)(A). We do not review the court's decision whether to consider particular mitigating or aggravating factors. Under ORS 138.222(3), our review is limited to whether the reasons that the court provided for the departure constitute substantial and compelling reasons. *State v. Wilson, supra*, 111 Or App at 149.

Convictions affirmed; remanded for resentencing.