Argued and submitted March 30, convictions affirmed; remanded for resentencing May 13, reconsideration denied July 1, petition for review denied August 25, 1992
(314 Or 176)

# STATE OF OREGON,
*Appellant,*

*v.*

# GLENN H. LUCAS,
*Respondent.*

(91C-20165; CA A71394)

830 P2d 601

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Robert J. Thorbeck, Salem, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Durham, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

The state appeals the sentences imposed after defendant pleaded guilty to sodomy in the first degree, ORS 163.405, and sexual abuse in the first degree. ORS 163.425. Defendant's grid block for the sodomy conviction is 10 I, with a presumptive sentence of 58 to 60 months in prison. His grid block on the sexual abuse conviction is 8 I, with a presumptive sentence of 16 to 18 months in prison. The court sentenced him to 60 months in prison on the sodomy conviction and 18 months in prison on the sexual abuse conviction, to be served consecutively. It then suspended execution of the sentences and placed defendant on five years probation.

■ The state is correct that the court was without authority to sentence defendant to prison and then suspend execution of the sentence. For a felony committed after November 1, 1989,[1] the sentencing guidelines require execution of either a prison sentence or a sentence of probation. ORS 137.010(1); ORS 137.520; *see* Commentary, *Oregon Sentencing Guidelines Implementation Manual* 93 (1989). If the court's intention was to impose a dispositional departure, it had to comply with the guidelines' requirements. *See* OAR 253-05-009; OAR 253-05-008, *see also* OAR 253-05-006.[2]

---

[1] ORS 137.010(2) provides:

"If it cannot be determined whether the felony was committed on or after November 1, 1989, the defendant shall be sentenced as if the felony had been committed prior to November 1, 1989."

The indictment to which defendant pleaded guilty alleged that the acts occurred "between June 1, 1988, and October 1, 1990." The parties and the trial court treated the offenses as being subject to the sentencing guidelines, and so do we.

[2] The state assumes in its brief that the court imposed a dispositional departure under OAR 253-05-009 by finding substantial and compelling reasons in defendant's lack of a prior criminal history and his cooperation with the state and by finding that time served at a restitution center would be adequate punishment. Those arguments were presented by defendant in support of mitigation, but the record does not indicate whether the court accepted them. The record shows only a passing comment by the court on the importance of defendant's lack of a criminal history reflected in the presentence investigation. The other comments were general statements regarding the assistance provided by counsel, the presentence investigation and psychological information. The court expressed a need to recognize the constitutional requirement for rehabilitation of offenders. We need not speculate about the actual basis for a departure sentence, which must be supported by substantial and compelling reasons stated on the record. *State v. Wilson*, 111 Or App 147, 152, 826 P2d 1010 (1992).

Because the question is likely to arise on remand, we address the state's argument that the court erred in considering defendant's lack of any criminal history as a mitigating factor. *But see* n 2, *supra.* OAR 253-08-002(1)(a)(H) provides that a court may consider as a mitigating factor that

> "[t]he offender's criminal history indicates that the offender lived conviction-free within the community for a significant period of time preceding his or her current crime of conviction."

The state argues that the commentary demonstrates that that factor was intended to apply only to a person with previous criminal convictions who had apparently rehabilitated himself. *See* Commentary, *Oregon Sentencing Guidelines Implementation Manual* 129 (1989). It contends that the court could not consider the factor here, because defendant's criminal history is already recognized in the calculation of his grid block.

■ OAR 253-08-002(1)(a)(H), like the other mitigating factors, is neither exclusive nor mandatory. The rule does not preclude a court from considering that an offender has previously led a crime-free life.[3] However, if the court finds that fact to be a substantial and compelling reason to support a departure, it must explain why that fact is so exceptional that imposition of the presumptive sentence, which is based in part on the criminal history, would not accomplish the guidelines' purposes. *State v. Wilson, supra* n 2.

Convictions affirmed; remanded for resentencing.

---

[3] We have held that a court is not precluded from considering a defendant's offenses that are part of the criminal history under the aggravating factor "similar offenses." *See State v. Kennedy,* 113 Or App 134, 831 P2d 712 (1992); *State v. Guthrie,* 112 Or App 102, 828 P2d 462 (1992).