Submitted September 27, 2013, remanded for entry of judgment ordering each probationary revocation term to run concurrently; otherwise affirmed January 2, petition for review allowed April 17, 2014 (355 Or 317)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID FRANK LANE,
*Defendant-Appellant.*

Marion County Circuit Court
07C49819; A148507

318 P3d 750

Peter Gartlan, Chief Defender, and Daniel C. Bennett, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

EGAN, J.

**EGAN, J.**

Defendant appeals, challenging the revocation of four separate probationary terms that defendant was serving for crimes that he had committed against different victims. The trial court found that defendant had violated a probationary term that prohibited him from consuming alcohol and imposed four prison terms as a sanction for that single violation. The trial court ordered some of those prison terms to run consecutively. OAR 213-012-0040(2)(a) provides that "[i]f more than one term of probationary supervision is revoked for a single supervision violation, the sentencing judge shall impose the incarceration sanctions concurrently." Article I, section 44(1)(b), of the Oregon Constitution provides that "[n]o law shall limit a court's authority to sentence a criminal defendant consecutively for crimes against different victims." The issue in this case is whether OAR 213-012-0040(2)(a) foreclosed the trial court from imposing consecutive terms for the single probation violation, or whether Article I, section 44(1)(b), instead operated to invalidate that regulatory limitation on the court's authority. For the following reasons, we conclude that OAR 213-012-0040(2) limited the trial court's authority to impose consecutive prison terms and accordingly remand for entry of judgment ordering the terms to run concurrently.

The facts are procedural and not disputed. Defendant pleaded no contest to four felony counts of encouraging child sexual abuse. Defendant admitted that the conduct involved four different victims. The judgments of conviction provided that the applicable sentencing gridblock for each count was 8-I, which calls for a presumptive prison sentence of 16 to 18 months. Pursuant to a plea petition, the court imposed a dispositional departure sentence of 60 months' probation on each of the four counts. One of the probationary conditions prohibited defendant from consuming alcohol.

A little less than two years after the judgments of conviction were entered, the state requested, and the court signed, an order for defendant to show cause why his probation should not be revoked. The state asserted that defendant had admitted to consuming alcoholic beverages; it also

indicated that defendant had visited a bar in violation of his probationary terms.

The court held a revocation hearing at which defendant admitted that he had imbibed in violation of his probationary terms. The court found defendant in violation of his probation and scheduled a second hearing to determine an appropriate sanction for that violation. In a memorandum filed before the second hearing, defendant argued that the trial court lacked the authority to impose consecutive prison terms for a single probation violation, citing ORS 137.123, OAR 213-012-0040, and *State v. Stokes*, 133 Or App 355, 891 P2d 13 (1995). The state responded that Article I, section 44(1)(b), of the Oregon Constitution provided the court with the authority to sentence defendant to consecutive prison terms because there were four separate victims of the underlying crimes of conviction. The trial court concluded that it did have the authority to impose consecutive prison terms, stating:

> "I think if this was a case where time was imposed, but not executed, and nothing was on the box checked as consecutive, the Court would have no choice but to run those concurrent. This is not such a case. The imposition of sentence was suspended. Therefore, the Court is at liberty to make that decision now.
>
> "Second of all, I agree with [the state] that the Court allows—is allowed to give consecutive sentences in this case, based upon the fact that there were four separate victims. That was made clear in the plea petition."

The court imposed 18 months in prison on each of the four counts. It ordered the prison terms on Counts 1 and 2 to run concurrently to one another, the terms for Counts 3 and 4 to also run concurrently to one another, and the combined term imposed for Counts 1 and 2 to run consecutively to the combined term for Counts 3 and 4. Accordingly, the court imposed a total of 36 months in prison for the probation violation.

Defendant's sole contention on appeal is that the trial court lacked the authority to impose consecutive prison

terms for the single probation violation.[1] As he did before the trial court, defendant points to OAR 213-012-0040(2), which provides:

> "When an offender is serving multiple terms of probationary supervision, the sentencing judge may impose revocation sanctions for supervision violations as provided by OAR 213-010-0002 for the violation of each separate term of probationary supervision.

> "(a) If more than one term of probationary supervision is revoked for a single supervision violation, the sentencing judge shall impose the incarceration sanctions concurrently.

> "(b) If more than one term of probationary supervision is revoked for separate supervision violations, the sentencing judge may impose the incarceration sanctions concurrently or consecutively."

We applied that regulation in *Stokes*, where a defendant who had been sentenced to two probation terms failed to complete a sex-offender treatment program, a failure that put him in violation of a probationary requirement. 133 Or App at 357. The court revoked the defendant's probation and imposed two consecutive prison terms of 24 months each. On appeal, the state argued that the court had the authority to make those terms consecutive under ORS 137.123[2] and

---

[1] The judgments of revocation do not indicate how many separate violations the trial court found. The parties' arguments assume that defendant's probation was revoked for a sole probation violation, *viz.*, consuming alcohol. At various points during the two revocation hearings, however, the trial court indicated that it was going to revoke defendant's probation for his failure to submit to a polygraph as required by the judgments of conviction. Additionally, the show-cause order indicated that defendant had violated his probation by going to a bar. The trial court never made any explicit findings on either of those contentions, but, as noted, did aver that it had the authority to impose consecutive prison terms based on the fact that there were four separate victims. If the court had found multiple probation violations, however, it would have had the authority, under OAR 213-012-0040(2)(b), to impose consecutive prison terms without regard to the number of victims. Neither party ascribes any significance to the court's discussion of the polygraph issues, nor to the allegation that defendant had visited a bar.

[2] As relevant, ORS 137.123(1) provides that

"[a] sentence imposed by the court may be made concurrent or consecutive to any other sentence which has been previously imposed or is simultaneously imposed upon the same defendant. The court may provide for consecutive sentences only in accordance with the provisions of this section. A sentence shall be deemed to be a concurrent term unless the judgment expressly provides for consecutive sentences."

*former* OAR 253-12-010, *renumbered as* OAR 213-012-0010 (11/11/99). We disagreed, stating:

> "The difficulty with the state's position is that, under sentencing guidelines, the requirements for imposition of the initial sentence are not the same as the requirements for imposing sanctions when probation is revoked. Under [OAR 213-012-0010] and ORS 137.123, the court had the authority to impose consecutive sentences in the first instance. It did so when it imposed consecutive probationary terms as dispositional departure *sentences.* Under [OAR 213-010-0001], the court had the discretion to revoke those probationary sentences. On doing so, however, the court did not have the discretion to impose *revocation sanctions* other than those provided by the guideline rules. *See State v. Guyton,* 126 Or App 143, 868 P2d 1335, *rev den,* 319 Or 36 (1994).

> "* * * * *

> "Under [OAR 213-010-0002(2)] alone, the court had discretion to impose up to the maximum presumptive term for revocation of the probationary sentence. However, defendant here was serving more than one probationary term, and the court's authority to impose consecutive revocation sanction terms is subject to [OAR 213-012-0040(2).]"

*Stokes,* 133 Or App at 358 (footnote and citation omitted; emphasis in original). We thus concluded that, despite the fact that the court could have sentenced the defendant to consecutive prison terms at the initial sentencing, the "revocation sanctions had to be imposed concurrently." *Id.* at 359.

The state responds to defendant's reliance on OAR 213-012-0040(2) and *Stokes* by pointing to Article I, section 44(1)(b), of the Oregon Constitution, which was approved by the voters as a 1999 ballot referendum—Measure 74—and provides: "No law shall limit a court's authority to sentence a criminal defendant consecutively for crimes against different victims." The state maintains that the use of the word "sentence" in that provision refers not just to the initial imposition of a criminal sentence but also to the imposition of sanctions for subsequent probation revocations; in effect, it urges that OAR 213-012-0040(2) cannot constitutionally restrain a trial court's authority to impose consecutive terms of incarceration where the underlying crimes of conviction

involved multiple victims. The sole question in this case can thus be stated as follows: Does the word "sentence" as used in Article I, section 44(1)(b), encompass a court's imposition of incarceration as a sanction for a probation violation?

> "'In interpreting a constitutional provision adopted through the initiative process, our task is to discern the intent of the voters. The best evidence of the voters' intent is the text of the provision itself. The context of the language of the ballot measure may also be considered; however, if the intent is clear based on the text and context of the constitutional provision, the court does not look further.'"

*Stranahan v. Fred Meyer, Inc.*, 331 Or 38, 56, 11 P3d 228 (2000) (ellipses omitted) (quoting *Roseburg School Dist. v. City of Roseburg*, 316 Or 374, 378, 851 P2d 595 (1993)).

The relevant dictionary definition of the word "sentence" advances neither party's understanding of the term over the other's. The other terms of Article I, section 44(1)(b), however, provide a critical clue. The provision prohibits restrictions on a court's authority to sentence a "criminal defendant consecutively *for crimes* against different victims." (Emphasis added.) That is, the constitutional provision does not purport to invalidate laws that limit a trial court's authority to impose consecutive prison terms "for" things other than "crimes against different victims." Consequently, it is necessary to ask, what is the purpose of imposing a term of imprisonment as a sanction for a probation violation? Is it to punish the underlying crimes of conviction or to punish the conduct that violated the probationary term?

In Oregon, the answer is that, where, as here, the underlying crimes of conviction were felonies, the purpose of imposing probation revocation sanctions is to punish the conduct constituting the probation violation, not to punish the crimes of conviction. We explained as much in *State v. Newell*, 238 Or App 385, 242 P3d 709 (2010), where, in considering whether a probation revocation sanction was a "sentence" within the meaning of ORS 137.123, we stated:

> "To the extent that there is any doubt about this, it is, in any event, squarely resolved by reference to the commentary to the original sentencing guidelines, as enacted by the legislature in 1989. The pertinent provisions of OAR

213-012-0040(2) and OAR 213-010-0002 have not changed. With respect to OAR 213-012-0040(2), the commentary provides:

> "'Section 2. A different rule applies to revocation sanctions associated with multiple terms of probation which may result in revocation sanctions for each term of probation. *The prison term associated with the revocation sanction will be served concurrently or consecutively depending on the nature of the supervision violation.* Under subsection (a), if the basis for multiple revocations is a single supervision violation, the incarceration-term sanctions must be served concurrently. Under subsection (b), if multiple probationary terms are revoked for separate and distinct supervision violation[s], the incarceration-term sanctions may be imposed consecutively.'

> "*Oregon Sentencing Guidelines Implementation Manual* 118 (1989) (emphasis added).

> "Similarly, the commentary for OAR 213-010-0002 provides that '[t]he sanctions described by this rule are penalties for supervision violation[s] and *do not directly relate to the crime of conviction.*' *Id.* at 170 (emphasis added)."

*Newell*, 238 Or App at 394-95 (first and second brackets in original).

Thus, as stated in the sentencing guidelines commentary, the express purpose of imposing sanctions for probation violations is—and was, at the time the voters enacted Measure 74—to punish the conduct constituting the probation violation, not the underlying crimes of conviction.[3] *See* OAR 213-010-0001 ("The decision to revoke

---

[3] The state asserts that the purpose of imposing probation revocation sanctions is to punish the underlying crime of conviction. As support for that proposition, the state cites our recent decision in *State v. Barajas*, 254 Or App 106, 113, 292 P3d 636 (2012), *rev den*, 353 Or 747 (2013), where we stated that "[t]he purpose of the imposition of [a term of imprisonment for a probation violation] is to punish the crime of conviction, not the probation violation." The state ignores, however, that *Barajas* was concerned with an underlying *misdemeanor* conviction where the trial court initially suspended the imposition of a sentence. As we explained in that case, the sentencing guidelines and their accompanying commentary, which we find persuasive here, are not applicable in the context of misdemeanors. *Id.* at 113 n 3.

The distinction between felonies and misdemeanors is also significant in one other regard. The parties do not address the first basis upon which the court found that it could impose the prison terms consecutively, *viz.*, that the original

probation is discretionary and may be exercised upon a finding that the offender has violated one or more of the *conditions of probation*, or that the offender has participated in *new* criminal activity." (Emphasis added.)); *Newell*, 238 Or App at 395 ("The purpose of probation violation hearings is for a court to consider whether 'the purposes of probation are not being served, or *** the terms thereof have been violated.'" (Quoting *Barker v. Ireland*, 238 Or 1, 4, 392 P2d 769 (1964).)).

That probation revocation sanctions serve to punish the conduct that violated the terms of probation is also reflected in OAR 213-010-0040 itself, which hinges a trial court's authority to sentence a probation violator to consecutive prison terms upon whether there is more than one probation violation, as opposed to the circumstances of the underlying crimes of conviction, *e.g.*, whether there were multiple victims. Moreover, the relevant distinction—between sentencing for the crime of conviction and the imposition of probation revocation sanctions—is observed throughout the statutes and administrative regulations. As we explained in *Newell*:

"The pertinent administrative rules promulgated by the Oregon Criminal Justice Commission likewise maintain a distinction between how consecutive 'sentences' are handled and how probation sanctions involving consecutive incarceration terms are handled. The rule that is directly on point, OAR 213-012-0040(2), does not use the term 'consecutive sentence,' but provides instead:

"'When an offender is serving multiple terms of probationary supervision, the sentencing judge may impose revocation sanctions for supervision violations as provided by OAR 213-010-0002 for the violation of each separate term of probationary supervision.

---

sentence had been suspended. 260 Or App at 551. We note, however, that for felonies committed after November 1, 1989, the "sentencing guidelines require execution of 'either a prison sentence *or* a sentence of probation.'" *State v. Branam*, 220 Or App 255, 260, 185 P3d 557, *rev den*, 345 Or 301 (2008) (quoting *State v. Lucas*, 113 Or App 12, 14, 830 P2d 601, *rev den*, 314 Or 176 (1992)) (emphasis in *Branam*). That is, when the crime is a felony, a sentencing court is "without authority to sentence defendant to prison and then suspend execution of the sentence ***." *Lucas*, 113 Or App at 14; *see also* ORS 137.010(3) (*"Except* when a person is convicted of a felony *** the court may suspend the imposition or execution of any part of a sentence ***." (Emphasis added.)).

"'* * * * *

"'(b) If more than one term of probationary supervision is revoked for separate supervision violations, the sentencing judge may impose the incarceration sanctions concurrently or consecutively.'

"In sum, that rule addresses consecutive 'revocation sanctions' or 'incarceration sanctions,' whereas ORS 137.123 addresses 'consecutive sentences.' OAR 213-010-0002, which is cross-referenced in OAR 213-012-0040, likewise does not use the phrase 'consecutive sentences.' Although it does, at points, use the word 'sentence,' it specifically refers to a revocation sanction as 'the sentence *upon revocation*,' OAR 213-010-0002(1), (2). Thus, we conclude that the Oregon Criminal Justice Commission's rules, like the legislature's statutes, maintain a distinction between a consecutive sentence imposed upon conviction, and a consecutive incarceration sanction imposed as a result of multiple probation violations."

238 Or App at 393-94 (emphasis in original). Thus, in the realm of probation revocation—where the state asserts that Article I, section 44(1)(b), was intended to operate—the law has long observed a distinction between sentencing and revocation sanctions.

It is important to read Article I, section 44(1)(b), with that contextual understanding in mind. The state urges that the above-described distinction between sentencing and revocation sanctions is irrelevant because the determinative question is whether the term "sentence" *as used in* Article I, section 44(1)(b), encompasses the imposition of probation revocation sanctions. The state is correct about the ultimate aim of the inquiry, but its position ignores that Oregon law, as it existed at the time that Measure 74 was adopted, provides important context for discerning the meaning of the constitutional provision. *See Martin v. City of Tigard*, 335 Or 444, 72 P3d 619 (2003) (context includes "any relevant statutory framework in effect at the time when the voters adopted the [constitutional] provision"). Given that legal backdrop, one would expect that, if the Oregon voters had intended the word "sentence" in Article I, section 44(1)(b), to encompass probation violation sanctions, they would have stated that intent clearly. At the very least, one would expect

them to not adopt the phrase "for crimes against different victims," which obviously displays the intent to embrace one side of the sentence/revocation-sanction distinction, but does not obviously embrace the other.

In sum, our consideration of Article I, section 44(1)(b)'s text and context leads us to conclude that the provision does not apply to the imposition of sanctions for the violation of multiple probationary terms where those terms were originally imposed as part of a felony sentencing. Because defendant committed only one probation violation, the trial court was required, under OAR 213-012-0040(2)(a), to impose the incarceration terms concurrently and erred in doing otherwise.

It is therefore necessary to remand this case. However, the trial court imposed the maximum prison terms available under OAR 213-010-0002(2), which provides that, where—as here—the initial probationary sentence constituted a departure from a presumptive prison sentence that exceeded 12 months, the maximum sentence that the court may impose upon revocation is the maximum presumptive prison term that could have been imposed initially. As noted, defendant's maximum presumptive term on each of the four counts was 18 months; the trial court therefore imposed the maximum prison term available on each of the four counts. As explained above, OAR 213-012-0040(2)(a) obligated the trial court to impose those terms concurrently. Therefore, as we did in similar circumstances in *Stokes*, we remand for entry of judgment ordering each of the terms to run concurrently. *See Stokes*, 133 Or App at 359.

Remanded for entry of judgment ordering each probationary revocation term to run concurrently; otherwise affirmed.