Submitted August 26, 2015, OAR 800-020-0015(5) held invalid February 1, petition for review denied June 1, 2017 (361 Or 524)

## OREGON SOCIETY OF ENROLLED AGENTS,
*Petitioner,*

*v.*

## STATE OF OREGON,
acting by and through the
State Board of Tax Practitioners,
*Respondent.*

A156623

389 P3d 1153

Tyler Smith and Tyler Smith & Associates, P.C., filed the briefs for petitioner.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

**EGAN, J.**

Petitioner Oregon Society of Enrolled Agents, Inc., challenges the validity of an administrative rule promulgated by the Oregon State Board of Tax Practitioners (the board). The rule—OAR 800-020-0015(5)—requires enrolled agents to complete a minimum of 360 hours of work experience during at least two of the last five years to be a licensed tax consultant. According to petitioner, the rule is invalid because it exceeds the statutory authority granted in ORS 673.605 to 673.740 to the board, and also because the rule is preempted by federal law. We agree with petitioner that the rule exceeds the statutory authority of the board, which is dispositive; we therefore do not reach the question whether the rule is preempted by federal law. Accordingly, we conclude that the rule is invalid.

Under ORS 183.400(1), "any person" may petition the Court of Appeals to determine the validity of a rule. In making that determination, we may consider only the rule under review, the statute authorizing the rule, and documents necessary to demonstrate compliance with rulemaking procedures.[1] ORS 183.400(3). Based on our review of those sources, we must declare the rule invalid if we conclude that it violates constitutional provisions, exceeds the statutory authority of the agency that adopted the rule, or was adopted without complying with rulemaking procedures. ORS 183.400(4). Here, petitioner does not assert that the adoption of the disputed rule was procedurally flawed, and we address only whether the rule exceeds the board's statutory authority.

We begin with the pertinent statutes. ORS chapter 673 pertains to "tax consultants" and "tax preparers."[2]

---

[1] In accordance with that standard, we do not consider petitioner's declarations submitted on appeal.

[2] The definitions of "tax consultant" and "tax preparer" are set out in ORS 673.605, which provide, as relevant:

"(6) 'Tax consultant' means a person who is licensed under ORS 673.605 to 673.740 to prepare or advise or assist in the preparation of personal income tax returns for another and for valuable consideration.

"* * * * *

"(8) 'Tax preparer' means any person who is licensed under ORS 673.605 to 673.740 as a tax preparer."

ORS 673.730 sets out the general authority of the board with regard to tax consultants and tax preparers. It provides, in pertinent part:

> "The State Board of Tax Practitioners shall have the following powers, in addition to the powers otherwise granted by ORS 673.605 to 673.740, and *shall have all powers necessary or proper to carry the granted powers into effect*:
>
> "(1)  To determine qualifications of applicants for licensing as a tax consultant or a tax preparer in this state; to cause examinations to be prepared, conducted and graded; and to issue licenses to qualified applicants upon their compliance with ORS 673.605 to 673.740 and the rules of the board.
>
> "* * * * *
>
> "(10)  To adopt rules pursuant to ORS chapter 183 *necessary to carry out the provisions of ORS 673.605 to 673.740*."

(Emphases added.)

ORS 673.615 requires that a person must be licensed as a tax consultant or a tax preparer to charge a fee to prepare, advise, or assist in the preparation of tax returns. To apply for a license as a tax consultant or a tax preparer, a person must meet certain qualifications and pass an examination as provided in ORS 673.625. One of the qualifications to apply for a license as a tax consultant specifies that the applicant must present evidence of active employment as a tax preparer "for not less than a cumulative total of 1,100 hours during at least two of the last five years." ORS 673.625(3)(a). However, ORS 673.637(2) sets out an exception to the tax consultant license qualification requirements in ORS 673.625 for "enrolled agents." That statute provides:

> "Notwithstanding ORS 673.625 (1) and (3), but as otherwise provided in ORS 673.605 to 673.740, the board *shall* license as a tax consultant any person who is, on the date of the application for a tax consultant's license, *enrolled to practice before the Internal Revenue Service pursuant to 31 C.F.R. part 10* if the person has passed to the satisfaction of the board an examination covering Oregon personal income tax law, theory and practice, the provisions of ORS 673.605 to 673.740 and the code of professional conduct prescribed by the board."

ORS 673.637(2) (emphases added). Under 31 CFR section 10.3(c), an "enrolled agent" is defined as a person who is authorized to "practice before the Internal Revenue Service."[3]

In 2013, the board adopted an administrative rule that requires enrolled agents to have 360 hours of work experience to apply to take the examination for a tax consultant. OAR 800-020-0015(5) (2013) provides:

> "An Enrolled Agent applicant who is enrolled to practice before the Internal Revenue Service, holding a valid treasury card, shall submit verification by the applicant's employer or employers on forms prescribed and furnished by the Board, that the applicant has completed a minimum of 360 hours work experience during at least two (2) of the last five (5) years."

On judicial review, petitioner challenges that rule on the ground that it exceeds the statutory authority of the board.

"[W]hen an administrative rule cannot be reconciled with a statute, it is the statute that controls." *State v. Newell*, 238 Or App 385, 392, 242 P3d 709 (2010). Furthermore, for purposes of ORS 183.400(4)(b), a rule is deemed to exceed the agency's statutory authority not only if the rule exceeds the express or implied authority granted to the agency in the statutes that the rule purports to implement, but also if the rule "contravene[s] some other applicable statute." *Planned Parenthood Assn. v. Dept. of Human Res.*, 297 Or 562, 565, 687 P2d 785 (1984). Here, the dispositive inquiry is whether the rule exceeds the board's statutory authority because it contravenes ORS 673.637(2). In making that determination, we seek to discern the legislature's intentions by examining the text and context of the relevant statutes and, if useful to the analysis, pertinent legislative history. *See State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (describing statutory analysis).

---

[3] 31 CFR § 10.4(a) defines who may become an enrolled agent:

"Enrollment as an enrolled agent upon examination. The Commissioner, or delegate, will grant enrollment as an enrolled agent to an applicant eighteen years of age or older who demonstrates special competence in tax matters by written examination administered by, or administered under the oversight of, the Internal Revenue Service, who possesses a current or otherwise valid preparer tax identification number or other prescribed identifying number, and who has not engaged in any conduct that would justify the suspension or disbarment of any practitioner under the provisions of this part."

As previously discussed, ORS 673.625 lists the qualifications for an applicant to obtain a license as a tax preparer or tax consultant. However, ORS 673.637(2) specifically exempts enrolled agents from the requirements of ORS 673.625(1) and (3), which are the sections that set out the qualifications to apply to be a tax consultant. Again, ORS 673.637(2) provides:

> "Notwithstanding ORS 673.625 (1) and (3), but as otherwise provided in ORS 673.605 to 673.740, the board *shall* license as a tax consultant any person who is, on the date of the application for a tax consultant's license, *enrolled to practice before the Internal Revenue Service pursuant to 31 C.F.R. part 10* if the person has passed to the satisfaction of the board an examination covering Oregon personal income tax law, theory and practice, the provisions of ORS 673.605 to 673.740 and the code of professional conduct prescribed by the board."

(Emphases added.) Therefore, the text of ORS 673.637(2) establishes that the board *shall* license any person who has fulfilled the following requirements: (1) the person must be "enrolled to practice before the Internal Revenue Service pursuant to 31 C.F.R. part 10," (2) the person "has passed to the satisfaction of the board" the examination, and (3) the person has complied with the requirements provided in ORS 673.605 to 673.740, *except for* ORS 673.625(1) and (3).

Petitioner contends that, because the legislature used "shall" in ORS 673.637(2), it intended the requirements in that statute to be mandatory. *See Stanley, Adm. v. Mueller*, 211 Or 198, 208, 315 P2d 125 (1957) ("[i]t is elementary that 'shall' connotes the imperative"). In response, the board primarily asserts that the additional requirements in ORS chapter 673 not mentioned in ORS 673.637(2), including a licensing fee and 30 hours of continuing education for license renewal, "demonstrate that despite using the word 'shall,' the legislature did not intend for the * * * requirements listed in ORS 673.637(2) to be the only requirements imposed on an enrolled agent seeking an Oregon tax consultant license." The board relies on *Pendleton School Dist. v. State of Oregon*, 345 Or 596, 607, 200 P3d 133 (2009), for the proposition that "shall" may carry a number of meanings depending on its context, and in this context, "shall" in ORS

673.637(2) is not mandatory. We reject the board's argument based on the text of ORS 673.637(2).

Although ORS 673.637(2) exempts enrolled agents from the requirement of two subsections of ORS 673.625, the statute explicitly states that the *other* provisions of the chapter apply. ORS 673.637(2) states that, "notwithstanding ORS 673.625(1) and (3), *but as otherwise provided in ORS 673.505 to 637.740,* the board shall license" enrolled agents who pass the examination (emphasis added). Thus, the text of ORS 673.637(2) establishes that enrolled agents must comply with the additional licensing requirements identified by the board—a licensing fee and continuing education—even if "shall" is read as mandatory.

Compellingly, the legislature distinguished mandatory and discretionary actions in ORS 673.637 by selectively using "shall" and "may." As petitioner points out, ORS 673.637(1) provides that the board "may" issue a license as a tax consultant or tax preparer to an applicant who presents evidence that they are licensed in a state that has substantially similar requirements for licensing as Oregon and has passed Oregon's examination to the satisfaction of the board. In contrast, ORS 673.637(2) uses "shall." *See* ORS 673.637(2) ("[T]he board *shall* license as a tax consultant any person who is * * * enrolled to practice before the Internal Revenue Service."). That distinction in the statute among different applicants indicates that the legislature intended "shall" in ORS 673.637(2) to be mandatory, and, thus, does not allow the board to impose additional qualification requirements on enrolled agents.

The legislative history also indicates that the legislature intended to exempt enrolled agents from any work experience requirement, because the legislature amended the enrolled agent exception multiple times but did not impose a work experience requirement. The legislature created the board and gave it licensing authority to ensure that "tax preparers are * * * adequately equipped to provide tax service and advice to the taxpayers of our State" and to minimize concerns about tax preparation "fraud and incompetence." Testimony, House Revenue Committee, House Bill (HB) 2271, Feb 23, 1973, Ex A (statement of Larry Scheer,

President of the Association of Tax Consultants). Initially, the legislature exempted enrolled agents from all licensing requirements for tax consultants. *See* Or Laws 1973, ch 387, § 3. However, in 1977, the legislature required that enrolled agents be licensed to act as a tax consultant, but exempted enrolled agents from some of the licensing requirements. *See* Or Laws 1977, ch 100, § 3. Enrolled agents were exempt from passing an examination and having at least two "tax seasons" experience as a tax preparer. *Id.* In 1983, concerned with taxpayer protection, the legislature imposed an examination requirement on enrolled agents. Or Laws 1983, ch 110, § 5; *see also* Exhibit C, House State and Federal Affairs, HB 2093, Feb 15, 1983 (accompanying statement of Bob Grundstad).

In 2011, the legislature again was concerned with taxpayer protection and amended ORS 673.625(1) to increase the required amount of time a tax preparer must have worked before applying for a tax consultant license from 780 hours worked for at least two of the past five years to 1,100 hours for the same time period; however, it left ORS 673.637(2), which exempts enrolled agents from that requirement, unchanged. Or Laws 2011, ch 95, § 3; *see also* Staff Measure Summary, House Committee on Business and Labor, HB 2066 A, Apr 19, 2011 ("In an effort to ensure that a licensed tax preparer is *adequately prepared and has an ample amount of experience*[] under a licensed tax practitioner before they are allowed to qual[ify] for taking the Licensed Tax Consultant Exam, [the bill] * * * increases the minimum number of hours of experience required for licensure from 780 hours to 1,100 hours."). Thus, even though the legislature was concerned about taxpayer protection, and it amended ORS 673.625 to include a higher minimum number of hours of experience for tax preparers to qualify to the take the tax consultant examination, it did not impose a work experience requirement for enrolled agents.

In sum, we conclude that OAR 800-020-0015(5) directly contravenes ORS 673.637(2) because the text and context of the statute, as supported by the legislative history, establish that enrolled agents are exempted from the work experience requirement that the rule imposes. Therefore,

we conclude that OAR 800-020-0015(5) exceeds the statutory authority that the legislature delegated to the board.

OAR 800-020-0015(5) held invalid.